MICHAEL R. REESE (State Bar No. 206773)
michael@reeserichman.com
**REESE RICHMAN LLP**
875 Sixth Avenue, 18th Floor
New York, New York 10001
Telephone:  (212) 579-4625
Facsimile:   (212) 253-4272

*Attorneys for Plaintiff*

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOKHYUN YOO, on behalf of herself, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WENDY'S INTERNATIONAL, INC.<br><br>Defendant. | CASE NO.  CV07-4515 FMC (JCx)<br><br>Hon. Florence-Marie Cooper<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES........................................................................................ii

I.     PRELIMINARY STATEMENT...................................................................1

II.    STATEMENT OF FACTS............................................................................3

III.   ARGUMENT.................................................................................................4

1.  Summary of Settlement Terms........ ................................................5

2.  The Settlement Terms Are Fundamentally Fair, Adequate And Reasonable......6

   A. The strength of Plaintiff's case......................................................6

   B. The risks, expense, complexity and likely duration of further litigation.............6

   C. Maintaining class action status throughout the trial... .....................7

   D. The terms of settlement.... ............................................................8

   E. Extent of discovery completed and stage of the proceedings............................8

   F. The experience and views of counsel.............................................8

   G. The presence of a governmental participant...................................9

   H. The reaction of the class members to the proposed settlement.......................9

3.  CERTIFICATION OF THE PROPOSED NATIONWIDE CLASS FOR PURPOSES OF PRELIMINARY SETTLEMENT IS APPROPRIATE.............9

   A. The Requirements Of Rule 23(a) Are Satisfied.................................9

      1.  The Class Is Sufficiently Numerous........................................10

      2.  Common Questions Of Law Or Fact Exist..............................10

      3.  Plaintiffs' Claims Are Typical of Those of The Class.................10

      4.  Plaintiffs Are More than Adequate Representatives Of The Class.............11

   B. The Requirements of Rule 23(b)(3) Are Also Satisfied....................................11

      1.  Common Legal And Factual Questions Predominate In This Action.........11

      2.  A Class Action is The Superior Means To Adjudicate Plaintiffs' Claims...12

   C. Approval of a Nationwide Class is Appropriate...............................12

   D. Class Notice by Publication is Proper and Satisfies Rule 23...........................13

IV.    CONCLUSION...........................................................................................15

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

**TABLE OF AUTHORITIES**

Cases                                                                                      Page(s)

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).......................................10,11

*Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1 (Ct. App. 2001)...........................7

*Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999)...................7

*Bresson v. Thomson McKinnon Secur., Inc.*, 118 F.R.D. 339 (S.D.N.Y. 1988).........13

*California v. Levi Strauss & Co.*, 715 P.2d 564 (Cal. 1986).......................................7

*Handschu v. Special Servs. Div.*, 787 F.2d 828 (2d Cir. 1986).................................13

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)..........................4,5,7,10,12

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964)..............9

*In re Drexel Burnham Lambert Group*, 960 F.2d 285 (2d Cir. 1992).......................11

*In re Vivendi Universal, S.A.,* 242 F.R.D. 76 (S.D.N.Y. 2007)............................13,14

*In Re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516 (3rd Cir. 2004)..............13

*Jackson v. Waller Indep. Sch. Dist.*, H-07-3086, 2008 U.S. Dist. LEXIS 22923,

      (S.D. Tex. Mar. 24, 2008)...................................................................13

*Linder v. Thrifty Oil Co.*, 2 P.3d 27 (Cal. 2000).........................................................8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).......................13

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982)................4,5

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993)...............................4


Statues

Rule 23 of the Federal Rules of Civil Procedure..................................................10,13


Other Sources

*Manual for Complex Litigation (Third)*, § 23.14 (West ed. 1995) (MCL)..................2

*Manual for Complex Litigation (Fourth)* § 21.632-21.633(Moore's ed. 2004)...........2

Plaintiff Bokyhun Yoo ("Plaintiff" or "Yoo"), on behalf of herself and all others similarly situated, respectfully submits this Memorandum of Points and Authorities in support of Plaintiff's Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of a class settlement.

## I.   PRELIMINARY STATEMENT

After months of negotiation and litigation the parties in the instant action have reached agreement on settling this matter.  Pursuant to the Class Settlement Agreement [hereinafter "Settlement"], a copy of which is attached as Exhibit "1" to the Declaration of Michael R. Reese [hereinafter "Reese Decl."], in order to settle the above-captioned litigation, as well as the related actions of *Jernow et al. v. Wendy's International Inc.*, case no. CV07-3971 LTS (S.D.N.Y.) and *Fitch v. Wendy's International Inc.*, case no. 8:07-cv-02148 JDW (M.D. Fla.)[1], Plaintiff (and all Settlement Class members) have agreed to release the claims asserted against Wendy's and Defendant has agreed to the following: (1) To the extent that Wendy's French fries or fried chicken products are prepared, whether at the par fry stage or finish fry stage, in cooking oil containing trans-fat, the cooking oil will contain a level of trans fat per serving that, pursuant to the regulations then in force and promulgated by the United States Food and Drug Administration, may be represented as 0 grams of trans-fat; (2) pay $1.8 million dollars to non-profit charities that focus on public health issues; (3) subject itself to, and pay for, independent monitoring for one year after final approval of the Settlement, whereby the independent monitor shall test the French fries and fried chicken products at seven Wendy's restaurants chosen at random by the independent monitor and without notice to Wendy's on a quarterly basis; (4) payment for the cost of notice; (5) payment of

---

[1] As part of the settlement in the above-captioned action, the Parties have agreed to dismissal with prejudice of the *Jernow* and *Fitch* actions upon final approval of the above-captioned action. Collectively, the plaintiffs in these actions – Adam Jernow, Leah McLawrence, Catherine Fitch and Bokhyun Yoo – are herein referenced to as "Named Plaintiffs." All of the Named Plaintiffs are represented by the same counsel, and all are in agreement with the proposed settlement.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

Plaintiff's counsel's attorneys fees of $1,090,000; and (6), subject to Court approval, payment of $10,000 to the Named Plaintiffs in the Trans Fat Litigation as compensation for their time, costs and expenses incurred in representing the class.

In determining whether preliminary approval is warranted, the issue before the Court is whether the Settlement is within the range of what might be found fair, reasonable and adequate, so that notice of the Settlement should be given to class members and a hearing scheduled to consider final settlement approval. The Court is not required at this point to make a final determination as to the fairness of the Settlement. As stated in the *Manual for Complex Litigation (Third)*, § 23.14 (West ed. 1995) (MCL):

> First, the court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing.  If so the final decision on approval is made after the hearing.

*Id.* at 171; *see also Manual for Complex Litigation (Fourth)* § 21.632-21.633 at 320-21 (Moore's ed. 2004) ("Review of a proposed class action settlement generally involves two hearings.  First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation . . . .  Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to class members.").

Since the Settlement  here meets the foregoing criteria and is well within the range of what might be approved as fair, reasonable and adequate, Plaintiff asks this Court to enter an Order: (1) granting preliminary approval of the Settlement; (2) certifying the proposed plaintiff class ("Settlement Class") for purposes of the Settlement; (3) directing that the Settlement Class be given notice of the pendency of this action and the Settlement in the form and manner proposed below; (4) scheduling a hearing at which the Court will consider the Parties' motion for final approval of the Settlement and entry of their proposed final judgment; class counsel's application for an award of attorney's fees and reimbursement of costs; and  a motion for approval of payment to the Named

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

Plaintiffs for reimbursement for their time, costs and expenses spent in representing the Settlement Class.

## II.   STATEMENT OF FACTS[2]

In June 2006, Wendy's publicly announced that it was switching to a non-hydrogenated, trans fat free, cooking oil for its French fries and fried chicken products. On July 12, 2007, Plaintiff Yoo filed an action against Wendy's for common law fraud, as well as other claims, based upon allegations that Wendy's representations regarding trans fats were false and misleading. On October 26, 2007, Defendant moved to dismiss the Complaint in its entirety, which Plaintiff opposed. On December 5, 2007, this Court partially granted and partially denied Defendant's motion to dismiss and the parties commenced discovery. During discovery, more than 100,000 pages of documents were produced by Defendant and third-parties. The parties also engaged in several party and non-party depositions. On May 27, 2008, Plaintiff filed her motion for class certification. The hearing for class certification was initially set for August 8, 2008, but postponed indefinitely as the Parties worked towards a settlement.

The related actions of *Jernow et al. v. Wendy's International Inc.*, case no. CV07-3971 LTS (S.D.N.Y.) and *Fitch v. Wendy's International Inc.*, case no. 8:07-cv-02148 JDW (M.D. Fla.), proceeded on courses similar to that of this matter. In *Jernow*, the plaintiffs filed a motion for class certification to which Wendy's filed a response. The plaintiffs' reply in support of class certification was due on July 3, 2008, but further briefing was stayed at the request of the Parties pending further settlement discussions. In *Fitch*, Wendy's motion to dismiss was fully briefed by the Parties. In light of the Parties' settlement discussions and resultant agreement in principle, the *Fitch* matter was administratively closed and the motion to dismiss was denied as moot.

Simultaneously with the events described above, the Parties engaged in settlement

---

[2] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

1   negotiations that involved Magistrate Judge Theodore A. Katz of the Southern District of

2   New York, resulting in the Settlement now presented to this Court for preliminary

3   approval.

4   **III.   <u>ARGUMENT</u>**

5       Rule 23(e) of the Federal Rules of Civil Procedure states in pertinent part: "A class

6   action shall not be dismissed or compromised without the approval of the court."  Rule

7   23(e) therefore "requires the district court to determine whether a proposed settlement is

8   fundamentally fair, adequate, and reasonable."  *Hanlon v. Chrysler Corp.*, 150 F.3d

9   1011, 1026 (9th Cir. 1998).  Relevant factors to be balanced in this determination are:

10          the strength of the plaintiffs' case; the risk, expense, complexity, and

11          likely duration of further litigation; the risk of maintaining class action

12          status through out the trial; the amount offered in settlement; the extent

13          of discovery completed and the stage of the proceedings; the experience

14          and views of counsel; the presence of a governmental participant; and

15          reaction of the class members to the proposed settlement.

16   *Hanlon*, 150 F.3d at 1026.  However, the Ninth Circuit also has indicated that the

17   above "list is not exclusive and different factors may predominate in different factual

18   contexts," *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993), and

19   "the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts

20   and circumstances presented by each individual case" will dictate which factors are

21   examined most closely by the court.  *Officers for Justice v. Civil Serv. Comm'n*, 688

22   F.2d 615, 625 (9th Cir. 1982).  Furthermore:

23          the settlement or fairness hearing is not to be turned into a trial or

24          rehearsal for trial on the merits.  Neither the trial court nor this court

25          [the Ninth Circuit] is to reach any ultimate conclusions on the

26          contested issues of fact and law which underlie the merits of the

27          dispute, for it is the very uncertainty of outcome in litigation and

28          avoidance of wasteful and expensive litigation that induce consensual

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

4

settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Id.* This is so because "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution." *Id.* Finally, "[s]ettlement is the offspring of compromise; the question [a court addresses in reviewing a proposed class settlement] is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

### 1.   <u>Summary of Settlement Terms</u>

Pursuant to the Settlement entered into by the Parties, Defendant agrees to the following: (1) to the extent that Wendy's French fries or fried chicken products are prepared, whether at the par fry stage or finish fry stage, in cooking oil containing trans-fat, the cooking oil must contain a level of trans fat per serving that, pursuant to the regulations then in force and promulgated by the United States Food and Drug Administration, may be represented as 0 grams of trans-fat; (2) the estimated costs to Defendant associated with this transition amount to $2.2 million to Defendant; (3) payment of $1.8 million to non-profit charities that focus of public health issues, namely the American Cancer Society; American Diabetes Association; American Dietetic Association and American Heart Association; (4) subject itself to, and pay for, independent monitoring for one year after final approval of the Settlement, whereby the independent monitor shall test the French fries and fried chicken products at seven Wendy's restaurants chosen at random by the independent monitor and without notice to Wendy's on a quarterly basis at an approximate cost of $250,000 to Defendant; (5) payment of cost of notice of the Settlement, at an approximate cost of $50,000 to Defendant; (6) payment of $1,090,000 in attorneys' fees and costs to Plaintiff's counsel; and (7) upon approval of the Court, a single payment of $10,000 to the Named Plaintiffs to cover the time, costs and expenses personally incurred by them through their representation of the class.

In exchange for the foregoing, Wendy's will receive a General Release from each Settlement Class member of all claims arising from the purchase of Wendy's Fried Food that are or could have been asserted in the Trans Fat Litigation, with the exception of personal injury claims.

### 2.    The Settlement Terms Are Fundamentally Fair, Adequate and Reasonable

Counsel for Plaintiff and the Class have substantial experience in class action litigation, specializing in consumer fraud class action litigation.  In their view, the Settlement at this juncture is fundamentally fair, adequate and reasonable when analyzed against the Ninth Circuit criteria set out in *Hanlon* that is discussed below:

#### A.    The strength of Plaintiff's case

Although Plaintiff's counsel's opinion is that this case is a strong one, it must be noted that Defendant denies the allegations in their entirety and has vigorously contested the merits of the case throughout this litigation.

#### B.    The risks, expense, complexity and likely duration of further litigation

Should the Settlement not be approved, further litigation would result over class certification, anticipated summary judgment motions, and anticipated expert testimony. Any such decision reached on these issues would probably lead to an appeal.  While the continuation of the litigation in this matter would not likely result in an increased benefit to the Settlement Class, it would lead to a substantial expenditure in costs by both Parties.  This is so for three reasons.

First, should this matter proceed and Plaintiff prevail at a trial, Defendant will no doubt appeal to the Ninth Circuit resulting in further burden, expense, and delay to the parties.

Second, one of the chief aims of Plaintiff's action was to enjoin Defendant from selling French fries or fried chicken products to the public that had been cooked in oil containing more than 0 grams of trans fat.  The Settlement achieves this significant goal.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

The Settlement Class is unlikely to receive any additional injunctive relief after a full trial which will exceed the benefits provided for in the Settlement.

Third, Plaintiff's action has resulted in Defendant agreeing to pay $1.8 million to non-profit charities.  This additional benefit is likely unavailable if Plaintiff were to proceed with this case to trial and prevail.  Accordingly, it should be given consideration by the Court in weighing the benefits of the proposed compromise of the Parties.

## C.  <u>Maintaining class action status throughout the trial</u>

Plaintiff submits that this action is properly maintained as a class action as the numerosity, commonality, typicality and adequacy of representation requirements, under Rule 23(a), are met.  Further, Rule 23(b)(3) is also satisfied because "'[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.'" *Hanlon*, 150 F.3d at 1022 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1778 (2d ed. 1986)).  This conclusion is supported by the numerous cases in which classes were certified involving claims of consumer fraud.  *See, e.g., California v. Levi Strauss & Co.*, 715 P.2d 564, 570 (Cal. 1986); *see also, Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999) ("Class action certifications to enforce compliance with consumer protection laws are 'desirable and should be encouraged.'") (citation omitted); *Linder v. Thrifty Oil Co.*, 2 P.3d 27, 30 (Cal. 2000) ("Courts long have acknowledged the importance of class actions as a means to prevent a failure of justice in our judicial system"); *Am. Online, Inc. v. Super. Ct.*, 90 Cal. App. 4th 1, 17 (Ct. App. 2001) ("[T]he right to seek class action relief in consumer cases has been extolled by California courts").

In light of the foregoing, Plaintiff is confident that this action can be maintained as a class action throughout trial.  Wendy's is prepared to contest class certification if the Settlement is not approved and specifically reserves the right to do so.

## D.  <u>The terms of settlement</u>

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

As explained above in subsection "1", the terms of the Settlement fulfill Plaintiff's objective of enjoining Wendy's from cooking its French fries and chicken products in cooking oil that contains more than 0 grams of trans fat.  The Settlement achieves this significant goal through Wendy's transition to cooking oil that contains 0 grams of trans fat.  Additionally, this injunctive relief will be guaranteed through the year long independent monitoring that Wendy's has agreed to and will pay for.  Furthermore, Wendy's has agreed to pay the cost of notice to be published twice in the USA Today national newspaper as well as for noticed to be published and maintained on its website.  In addition, Wendy's has agreed to pay $1.8 million to non-profit charities that focus on public health issues.  In exchange, each Settlement Class member shall grant Wendy's a General Release of all claims arising from the purchase of Wendy's Fried Food that are or could have been asserted in the Trans Fat Litigation.  Accordingly, the class, as well as society at large, will therefore maximize the benefits made possible by this action having been brought.

### E.    Extent of discovery completed and stage of the proceedings

This case has involved extensive discovery, with production of over 100,000 pages of documents and numerous depositions.  Based upon the Parties' counsel's review of this discovery, and resultant in-depth knowledge of the facts and issues of the case, the Parties believe that the Settlement is fair, adequate and reasonable.

### F.    The experience and views of counsel

Plaintiff's counsel has participated in numerous class actions involving allegations of consumer fraud.  Counsel feels that the Settlement is fair, adequate and reasonable in light of the significant relief achieved by the Settlement whereby Defendant agrees to transition to cooking oil that contains 0 grams of trans fat; the additional $1.8 million payment to be made by the Defendant to non-profit charities that focus on public health issues; the cost and expense of class notification being paid by the Defendant; and the Defendant subjecting itself to, and paying for, one year of independent monitoring to assure that Defendant is complying with the terms of the Settlement.

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

**G.      The presence of a governmental participant**

This factor is not applicable to this case.

**H.      The reaction of the class members to the proposed settlement**

It is premature to address this factor until the deadline to opt out of the Class has passed.

## 3.  CERTIFICATION OF THE PROPOSED NATIONWIDE CLASS FOR PURPOSES OF PRELIMINARY SETTLEMENT IS APPROPRIATE

### A.      The Requirements Of Rule 23(a) Are Satisfied

Before an action may be certified as a class action, the following requirements of Rule 23(a) must be satisfied:

(a)      the class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the class;

(c)      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(d)      the representative parties will fairly and adequately protect the interests of the class.

As set forth below, these requirements have been satisfied.

#### 1.      The Class Is Sufficiently Numerous

Rule 23(a)(1) requires that plaintiffs demonstrate the class is so numerous that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1).  For purposes of Rule 23(a)(1) "impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class."  *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Here, discovery has shown there to be, potentially, thousands of class members.  The threshold for a presumption of impracticality of joinder is therefore exceeded.

#### 2.      Common Questions Of Law Or Fact Exist

In order to maintain a class action, there must be "questions of law or fact common to the class[.]"  Fed. R. Civ. P. 23(a)(2).  The Ninth Circuit construes

9

commonality liberally. *See Hanlon*, 150 F.3d at 1019 ("Rule 23(a)(2) has been construed permissively"). Commonality is satisfied when there are underlying facts or legal theories common throughout the class even if the common facts support different legal theories or common legal theories rest on different facts. *Id*.

Here the commonality requirement is satisfied by all Settlement Class members' allegation that Wendy's misrepresented the trans fat content of its French fries and fried chicken products during the Class Period.

### 3.    Plaintiffs' Claims Are Typical Of Those Of The Class

"Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

The Named Plaintiffs' claims, which arise from the same course of conduct and are predicated on the same legal theories as the claims of all other Settlement Class members, satisfy the typicality requirement of Rule 23(a).

### 4.    Plaintiffs Are More Than Adequate Representatives Of The Class

The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The factors relevant to a determination of adequacy are: (1) the absence of potential conflict between the named plaintiff and the class members; and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

In this case, there are no conflicts between the Named Plaintiffs and absent class members. The Named Plaintiffs are adequate as demonstrated by the fact that they have diligently monitored this litigation, including the proposed settlement that is presently before the Court. As for Class Counsel, the attorneys of Reese Richman LLP are well

1  experienced in class action litigations and are more than qualified to conduct the
2  proposed litigation.

3  **B.   The Requirements Of Rule 23(b)(3) Are Also Satisfied**

4      Rule 23(b)(3) authorizes certification where, in addition to the prerequisites of
5  Rule 23(a), common questions of law or fact predominate over any individual questions
6  and a class action is superior to other available means of adjudication. *Amchem*, 521
7  U.S. at 618.  This case easily meets these requirements.  Indeed, as the Supreme Court
8  stated in *Amchem* "[a]mong current applications of Rule 23(b)(3), the 'settlement only'
9  class has become a stock device."

10      **1.   Common Legal And Factual Questions Predominate In This**
11          **Action**

12      "Predominance is a test readily met in certain cases alleging consumer or
13  securities fraud or violations of the antitrust laws." *Id.* at 625 (emphasis added).  In this
14  case, Defendant's alleged liability arises from its alleged dissemination of false and
15  misleading statements regarding the trans-fat content of Wendy's cooking oils.  This is a
16  central issue in the case and it predominates over any individual issues that exist.

17      **2.   A Class Action Is The Superior Means To Adjudicate**
18          **Plaintiffs' Claims**

19      The second prong of Rule 23(b)(3) is essentially satisfied by the settlement itself.
20  As explained in *Amchem*, "[c]onfronted with a request for settlement-only class
21  certification, a district court need not inquire whether the case, if tried, would present
22  intractable management problems…for the proposal is that there be no trial." *Id.* at 620.
23  Thus, any manageability problems that may have existed here – and the Named Plaintiffs
24  know of none – are eliminated by the Settlement.

25  **C.   <u>Approval of a Nationwide Class is Appropriate</u>**

26      The relief accomplished by this proposed settlement has a nationwide effect.
27  Pursuant to the terms of the settlement agreement, Wendy's obligations relating to the
28  level of trans-fat in Wendy's Fried Food will be for all Wendy's stores throughout the

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

11

1  United States.  This makes sense given that Wendy's is a nationwide chain and decisions

2  regarding its food are commonly made on a nationwide level.

3  Additionally, the $1.8 million to be paid by Wendy's to non-profit organizations

4  that focus on health issues is intended to have a nationwide benefit.  Likewise, the

5  independent monitoring will be done on a nationwide basis.  And the proposed notice

6  will also be accomplished in a nationwide newspaper (USA Today, the nation's largest

7  daily newspapers) and through the internet.

8  Rule 23 is often used to facilitate nationwide settlement in class actions such as

9  that presented here.  *See, e.g., Hanlon*, 150 F.3d at 1017.  This is particularly true where,

10  as here certain claims, *i.e.* common law fraud claims, are recognized in each state.  *Id.* at

11  1022-23; (upholding district court approval of nationwide class settlement holding that

12  "although some class members may possess slightly differing remedies based on state

13  statute or common law, the actions asserted by the class representatives are not

14  sufficiently anomalous to deny class certification") *see also, Bresson v. Thomson*

15  *McKinnon Secur., Inc.*, 118 F.R.D. 339, 344 (S.D.N.Y. 1988) (certifying nationwide

16  common law fraud class holding that: "[w]ith respect to the claims for fraud and breach

17  of fiduciary duty, we disagree with the defendant's position and find these claims

18  amenable to class treatment. The state laws governing these claims do not vary

19  significantly, since common principles underlie them").  Accordingly, this Court should

20  certify a nationwide class for purposes of the proposed settlement.

21

22

23  **D.     Class Notice by Publication is Proper and Satisfies Rule 23**

24  The threshold requirement concerning class notice is whether the means employed

25  to distribute the notice is reasonably calculated to apprise the class of the pendency of the

26  action of the Settlement, and of the class members' right to opt out or object.  The notice

27  must be the "best notice that is practicable under the circumstances." Fed. R. Civ. P.

28  23(c)(2); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).  In

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

1   class actions where the names and locations of individual class members is near

2   impossible, if not impossible, to determine, "the court may direct appropriate notice to

3   the class and individual notice is not constitutionally required." *See Jackson v. Waller*

4   *Indep. Sch. Dist.*, H-07-3086, 2008 U.S. Dist. LEXIS 22923, \*28 ( S.D. Tex. Mar. 24,

5   2008) (citing Fed. R. Civ. P. 23(c)(2)(A)).  In such situations, courts consistently have

6   found publication notice for such class actions to be constitutionally sufficient. *See, e.g.,*

7   *In Re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 536 (3rd Cir. 2004) (holding

8   that the district court acted within its discretion in finding that "the best notice

9   practicable" under the circumstances was publication notice); *Handschu v. Special Servs.*

10   *Div.*, 787 F.2d 828 (2d Cir. 1986)  ("Likewise, the method chosen to disseminate the

11   notice--publication over a period of weeks in several metropolitan New York

12   newspapers--adequately served to notify class members that a potential compromise had

13   been reached. Because of the common interests of all its members, a Rule 23(b)(2) class

14   seeking declaratory and injunctive relief is cohesive by nature"); *In re Vivendi Universal,*

15   *S.A.,* 242 F.R.D. 76, 107-08 (S.D.N.Y. 2007) ("[W]hen class members' names and

16   addresses may not be ascertained by reasonable effort, publication notice has been

17   deemed adequate to satisfy due process").

18        Here, individual notice is not practicable as there are no readily or reasonable

19   means to determine the names and places of residence of class members because the

20   transactions for Wendy's fried food at issue in the litigation occurred through cash

21   transactions without record of the purchasers' names or residences.  Accordingly, the

22   "best notice that is practicable under the circumstances" of this case is publication notice.

23        The Parties have agreed that Wendy's shall publish, and bear the cost of

24   publication notice in the national edition of USA Today on two separate occasions.  USA

25   Today is the largest newspaper in the United States, with a daily circulation of more than

26   2.2 million readers. *See http://www.editorandpublisher.com/eandp/news/*

27   *article_display.jsp?vnu_content_id=1003878040* (stating USA Today is the top-selling

28   newspaper for the period ending September 30, 2008, with an average daily circulation

of  2.293 million readers).  Additionally, Wendy's shall post the notice on the internet. Recent studies have shown that the vast majority of Americans log on the Internet on a daily basis, and obtain news and other information from the Internet.  *See e.g.* *http://www.pewinternet.org/trends/user_Demo_2.15.08.htm* (report by the Pew Internet Project stating that 92% of adults between 18-29 use the Internet).  Combined, the USA Today and Internet sources of notice are calculated to reach the largest number of class members possible and is therefore "the best notice practicable."

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001

1

**IV.    <u>CONCLUSION</u>**

2          For the reasons stated above, Plaintiff respectfully requests that the Court

3    preliminary approve the Settlement and order publication of notice.

4          Respectfully submitted,

5    Dated:      December 17, 2008          **REESE RICHMAN LLP**

6                                          By: *<u>/s/ Michael R. Reese</u>*
                                           Michael R. Reese (SBN 206773)
7                                          michael@reeserichman.com
                                           875 Sixth Avenue, 18th Floor
8                                          New York, New York 10001
                                           Telephone: (212) 579-4625
9                                          Facsimile:  (212) 253-4272

10                                         *Attorneys for Plaintiffs Bokhyun Yoo,*
                                           *Catherine Fitch, Adam Jernow and*
11                                         *Leah McLawrence*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REESE RICHMAN LLP, 875 SIXTH AVENUE, 18TH FLOOR, NEW YORK, NY 10001