IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BOKHYUN YOO, individual and on behalf of
all others similarly situated,
        Plaintiffs

v.

WENDY'S INTERNATIONAL,
INC.
        Defendant

CIVIL ACTION
NO. 2:07-cv-04515-FMC-JCx



## CHRISTI WEINSTEIN'S
## OBJECTION TO PROPOSED SETTLEMENT AND
## OBJECTION TO APPLICATION FOR ATTORNEY FEES

To The Honorable District Judge Florence Marie Cooper:

Comes Now Christi Weinstein ("Objector"), and files these Objections to the Proposed Settlement and Application for Attorney Fees, and would show as follows:

### 1. Class Member Status

Objector is a member of the settlement class. Objector has purchased Wendy's French fries and fried chicken products during the period of June 8, 2006 to December 17, 2008. For instance, Objector purchased French fries at a Wendy's stores in Seagoville Texas, on our around October 16, 2008 and at previous times in the class period. Objector does not intend to appear at the final fairness hearing but respectfully requests the court to consider these objections.

### 2. Objection to the Approval of the Settlement

The settlement is not fair, reasonable, or adequate, and Objector objects to the settlement because the requested attorneys' fees are excessive. The amount of the proposed attorneys' fees is an integral element in determining whether the settlement is fair, reasonable, and adequate. MANUAL FOR COMPLEX LITIGATION 4th §21.7, p. 335. As shown below, the amount of requested fees is excessive. The money that Defendant was willing to pay above a reasonable fee should have gone to the class or the *cy pres* award, rather than back to Defendant. Furthermore, the excessive amount of attorneys' fees shows that class counsel put their interests ahead of the class members' interest.

### 3. Objection to Class Counsel's request for attorneys' fees

Objector objects to Class Counsels' request for attorneys' fees for the following reasons.

First, class counsel failed to prove up the reasonableness of the hourly rates. The Reese declaration, Doc. 73, attaches a summary and printout of the alleged time spent. Doc. 73. The summary includes hourly rates from $625 for Mr. Reese to $250 an hour for paralegals. *See*, Doc. 73-5. Nowhere in Mr. Reese' declaration does he testify to the reasonableness of those hourly rates. He merely states "Attached hereto as Exhibit D is a copy of the lodestar and supporting time records." Doc. 73, p. 5, para. 27. Thus, class counsel has failed to meet their burden of proof that the lodestar calculation is reasonable.

Second, the hourly rate for paralegals is excessive on its face. A rate of $250 an hour for paralegal work is beyond reason. *See, e.g., Robinson v. Chand*, 2007 WL 1300450, 2 (E.D. Cal. 2007)(finding that $75 an hour is a reasonable rate for paralegals services); *Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*, 2006 WL 4081215, 3 (C.D. Cal. 2006)($125 an hour rate for paralegals).

Third, class counsel failed to provide sufficient detail to prove up the work. In determining a reasonable number of hours, the Court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1126 (9th Cir. 2002); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir.1987); *Silverstein v. E360Insight, LLC*, 2008 WL 1995217, 8 (C.D. Cal. 2008). The time records here are insufficient to make that determination. For instance, almost all of the time for Dax Thomas is simply "document review" without any indication of what document was reviewed. Similarly much of Lance Stott's time is simply "review documents" and much of Mr. Reese' time is "document review." It is impossible to determine from these entries whether this work was necessary, duplicative, or excessive. *Atlantic Recording Corp. v. Andersen*, 2008 WL 2536834, 9 (D. Or. 2008) (holding that "review" is inadequate); *Feuerstein v. Burns*, 569 F.Supp. 268, 273 (D.C. Cal. 1983) ("A typical entry in the firm's time sheets, for example, is 'reviewing documents.' From this entry, the Court could not determine whether the same documents were being repetitively reviewed, why it was necessary to 'review documents' for up to ten hours a day, and why attorneys-both partners and associates-were reviewing documents instead of paralegals or accountants.").

Fourth, the law of this circuit is clear: "[i]t is an abuse of discretion for the district court to award attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 810 (9th Cir.1995). A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). The application for fees is based on the false assumption that the value of the elimination of trans fats is $2.2 million. Settlement Agreement para. 3.2(b), p. 5. That alleged benefit assumes that Wendy's will not increase the price of its products to recoup the increased costs. The settlement does not provide any limits on Wendy's for doing so. Thus, based on basic free market principles, one can assume that Wendy's will pass on the cost of complying with the agreement to its customers. Since in all likelihood consumers will end up paying for the elimination of trans fats, it is error to attribute a $2.2 million benefit to the settlement.

Fifth, the requested fee is unreasonable in light of the Class Action Fairness Act of 2005. In that statute Congress provided that if class counsel obtains coupons for class members, rather than cash, then the attorneys fees should be based on the coupons actually used. 28 USCA § 1712 (a). Moreover, the statute provides that fees may not be awarded for unused coupons given to charities:

> The court, in its discretion, may also require that a proposed settlement agreement provide for the distribution of a portion of the value of unclaimed coupons to 1 or more charitable or governmental organizations, as agreed to by the parties. The distribution and redemption of any proceeds under this subsection shall not be used to calculate attorneys' fees under this section.

28 USCA § 1712 (e). Thus, Congress has indicated that the attorneys should not be paid for settlement benefits given to charities. While the provision does not apply here, the settlement is even worse for class members because the recovery goes automatically to the charities, and class members do not even have the opportunity to claim a coupon. Class counsel should not be rewarded for getting around the statute with a settlement that is worse for class members.

Wherefore, Objector prays that the Court disapprove the settlement and application for attorneys' fees and grant Objector such other and further relief as to which she may be entitled.

*[signature: Christi Weinstein]*
CHRISTI WEINSTEIN
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile

# CERTIFICATE OF SERVICE

A copy of the foregoing Objection to Proposed Settlement etc. was on this 11th day of February, 2009, delivered to the following:

Court:
Honorable Florence Marie Cooper
Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

Class Counsel:
Michael R. Reese
REESE RICHMAN LLP
875 6th Avenue, 18th Floor
New York, New York 10001

Clerk:
Clerk, United States District Court
312 N. Spring St., Rm G-8
Los Angeles, CA 90012

Wendy's Counsel:
Thomas P. McLish
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire, N.W.
Washington, D.C. 20036

*Christi Weinstein*
Christi Weinstein