1  MICHAEL R. REESE (State Bar No. 206773)
   michael@reeserichman.com
2  **REESE RICHMAN LLP**
   875 Sixth Avenue, 18th Floor
3  New York, New York 10001
   Telephone:  (212) 579-4625
4  Facsimile:   (212) 253-4272

5  *Class Counsel for Plaintiffs*

6

7

8

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  BOKHYUN YOO, on behalf of           CASE NO.  CV07-4515 FMC (JCx)
    herself, and those similarly situated,
14                                      Hon. Florence-Marie Cooper

15                       Plaintiff,     PLAINTIFFS' REPLY IN SUPPORT OF
                                        MOTION FOR AN ORDER (1)
16            v.                        GRANTING FINAL APPROVAL TO
                                        SETTLEMENT;
17                                      (2) AWARDING CLASS COUNSEL
    WENDY'S INTERNATIONAL,              ATTORNEY FEES; AND
18  INC.                                (3) AWARDING PAYMENT TO
                                        CLASS REPRESENTATIVES AS
19                                      COMPENSATION FOR TIME AND
                       Defendant.       EFFORT SPENT IN THE LITIGATION
20

21

22

23                                      Hearing Date:    March 9, 2009
                                        Time:            10:00 a.m.
24                                      Place:           Courtroom 750
                                        Compl. Filed:    July 12, 2007
25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION..................................................................................................1

ARGUMENT.......................................................................................................2

I.   NONE OF THE OBJECTIONS RAISE GROUNDS TO DENY
     APPROVAL OF THE SETTLEMENT.....................................................2

A. Objection of Kervin Walsh by the Law Firms of Liuzzi, Murphy &
   Solomon LLP and the Bandas Law Firm.................................................2

B. Walsh Has Failed to Establish that He Has Standing to Object.............3

C. Even if Walsh had Established Standing, his Objections are Without
   Merit and Should be Denied....................................................................3

   1. The Court Ordered Notice Was Appropriate......................................4

   2. The Settlement is Fair, Adequate and Reasonable.............................6

   3. The Attorneys' Fees and Expenses are Appropriate..........................8

      a.  Objector Walsh's Objection to the Fee and Expense Payment is
          Without Merit.............................................................................9

      b.  Objector Weinstein's Objection to the Attorneys' Fee is
          Without Merit.............................................................................10

CONCLUSION...................................................................................................13

1

## **TABLE OF AUTHORITIES**

2
 **Page**

3
*Bellows v. NCO Fin. Sys., Inc.,*07-cv-1413 W, 2009 U.S. Dist. LEXIS 273

4
 (S.D. Cal. Jan. 5, 2009)......................................................................9

5
*Craft v. County of San Bernardino*, case no. 05-cv-00359 SGL,

6
 2008 U.S. Dist. LEXIS 27526 (C.D. Cal. Apr. 1, 2008) ...................9

7
*DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171 (8th Cir. 1995),

8
 *cert. denied*, 517 U.S. 1156 (1996) ................................................10

9
*Fresco v. Auto Data Direct, Inc.*, 03-cv-61063, 2007 U.S. Dist. LEXIS 37863

10
 (S.D. Fla. 2007)..........................................................................8, 12

11
*Handschu v. Special Servs. Div.*, 787 F.2d 828 (2d Cir. 1986)....................................6

12
*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)...................................4,7,12

13
*Hillis v. Equifax Consumer Servs.,* 04-cv-3400 TCB, 2007 U.S. Dist. LEXIS 48278

14
 (N.D. Ga. 2007)........................................................................7, 12

15
*Horton v. Metropolitan Life Ins. Co.*, 93-cv-1849, 1994 U.S. Dist. LEXIS 21394

16
 (M.D. Fla. 1994) ..............................................................................3

17
*Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1146 (9th Cir. 2000)..........3

18
*Martin v. FedEx Ground Package Sys.*, case no. 06-cv-6883 VRW,

19
 2008 U.S. Dist. LEXIS 106524 (N.D. Cal. Dec. 31, 2008) ..............9

20
*Matlink v. Home Depot & Lowes,* 07-cv-1994 (S.D. Cal. 2008) ...............................11

21
*People United for Children, Inc. v. City of New York*, 99-cv-648,

22
 2007 U.S. Dist. LEXIS 15425 (S.D.N.Y. 2007) .................................8

23
*Serventi v. Bucks Tech. High Sch.*, 225 F.R.D. 159 (E.D. Pa. 2004) ..........................8

24
*State of New York by Vaccoo v. Reebok Int'l Ltd.*, 903 F. Supp. 532

25
 (S.D.N.Y. 1995)..................................................................................8

26
*Stratton v. Glacier Ins. Adm'rs, Inc.*, 02-cv-06213 OWW,

27
 2007 U.S. Dist. LEXIS 9509 (E.D. Cal. 2007) ..................................4

28
*In re Toys R Us Antitrust Litigation*, 191 F.R.D. 34 (E.D.N.Y. 2000).................6,8,12

ii

1 │
2 │
3 │
4 │
5 │
6 │
7 │
8 │
9 │
10 │
11 │
12 │
13 │
14 │
15 │
16 │
17 │
18 │
19 │
20 │
21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │

*In re Vivendi Universal, S.A.,* 242 F.R.D. 76 (S.D.N.Y. 2007)......................................6

*Wilson v. Airborne, Inc.,* 07-cv-770 VAP (C.D. Cal.)............................................2, 4, 7, 9

*Winterrowd v. Am. Gen. Annuity Ins. Co.,* 07-cv-56711, 2009 U.S. App. LEXIS 2899,
        (9th Cir. 2009).........................................................................................11

1   Plaintiffs Bokyhun Yoo, Catherine Fitch, Adam Jernow and Leah McLawrence
2   ("Class Representatives" or "Plaintiffs") respectfully submit this Reply in Support of
3   Plaintiffs' Motion for Final Approval of Settlement (Dkt. 71).

4                                   **INTRODUCTION**

5   As detailed in the memorandum of law in support of the Motion for Final
6   Approval of Settlement previously filed on February 9, 2009 (Dkt. 72) (hereafter
7   "Opening Brief"), the proposed settlement in this action achieves a significant goal by
8   requiring a major fast food chain, Wendy's International, Inc. ("Wendy's" or
9   "Defendant") to change its fried food cooking oil so that it contains 0 grams of trans-fat
10  at a cost of $2.2 million to Defendant. The settlement also requires Defendant pay for an
11  independent monitor to assure compliance with the injunction. The proposed settlement
12  also achieves the significant goal of requiring Defendant to pay $1.8 million to non-
13  profit organizations that focus on issues related to the alleged health problems caused by
14  trans-fat. Moreover, this proposed settlement was achieved only after vigorously
15  contested litigation in three separate actions, including three contested motions to
16  dismiss, two contested class certification motions and voluminous discovery of
17  Defendant, Plaintiffs, and third parties.

18  Given the excellent result that the proposed settlement achieves, it should come as
19  no surprise that the Class's response to the settlement has been overwhelmingly
20  supportive. See Declaration of Michael R. Reese in Support of Plaintiffs' Reply in
21  Support of Final Approval of Settlement ("Reese Reply Decl."), ¶ 3. Only two persons
22  have elected to opt out of the settlement, and only two have objected.[1] This represents
23  an extremely small fraction of the settlement class. Moreover, as discussed further
24  below, these objections are without merit and should be overruled.

25  _____

26  [1] Kervin Walsh filed an objection on February 13, 2009 (Dkt. 76)("Walsh Objection")
27  and Christi Weinstein filed an objection on February 17, 2009 (Dkt.79)("Weinstein Objection").

28

1   The Opening Brief details that the proposed settlement more than meets the

2   standard of being fair, adequate and reasonable; that the notice disseminated pursuant to

3   this Court's December 18, 2008 Order (Dkt. 69) ("Court Order") more than adequately

4   informed class members of the terms of the settlement and otherwise complied with due

5   process; and, the payment of attorneys' fees and expenses requested here are also

6   warranted given the amount of work performed on the matter and results obtained.

7   Accordingly, the Parties hereby respectfully request that this Court issue an Order

8   granting Final Approval of the Settlement.

9                                    **ARGUMENT**

10  I.    **NONE OF THE OBJECTIONS RAISE GROUNDS TO DENY**

11        **APPROVAL OF THE SETTLEMENT**

12         As the Opening Brief demonstrates, the Settlement warrants approval.  And as

13  discussed below, neither of the two objectors raise any substantive arguments against

14  the Settlement to demonstrate anything to the contrary.

15        A.    **Objection of Kervin Walsh by the Law Firms of Liuzzi, Murphy &**

16              **Solomon LLP and the Bandas Law Firm**

17         The objection of Kervin Walsh filed by Liuzzi Murphy & Solomon LLP and the

18  Bandas Law Firm ("Walsh Counsel") to the above settlement marks no less than the

19  second time in the past year that the Walsh Counsel have filed an objection on behalf of

20  Walsh in this District.  See Reese Reply Decl., Ex. A (objection of Kervin Walsh filed by

21  Walsh Counsel in matter of *Wilson v.  Airborne, Inc.*, 07-cv-770 VAP (C.D. Cal.)).  In

22  fact, the tandem of the Liuzzi and Bandas law firms have filed no less than five

23  objections to settlements within the state of California within the past three years.  Reese

24  Reply Decl. ¶ 4.  In each of the cases where Walsh's Counsel has objected, they filed

25  essentially the same boilerplate form that raises objections for essentially the same

26  baseless reasons.  As discussed herein, none of these objections has merit here and

27  should be overruled.

28

2

**B.   <u>Walsh Has Failed to Establish that He Has Standing to Object</u>**

As a threshold matter, to raise an objection one must first establish that he is in fact a class member and, therefore, has standing to object. *See e.g. Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1146 (9th Cir. 2000) (holding that to have standing a party "must establish that she has suffered an injury, caused by the [defendant] that is redressable"); *Horton v. Metropolitan Life Ins. Co.*, 93-cv-1849, 1994 U.S. Dist. LEXIS 21394, **34-36 (M.D. Fla. 1994) ("Urso and Daxon seek to assert a number of objections to the class settlement and the class notice. They lack standing to raise these objections because they are not members of the settlement class and do not assert claims covered by the Settlement").

Here, the document filed by Walsh's Counsel falls woefully short of this requirement. Rather, the objection merely states that "Objector is a member of the class as defined in the settlement notice." Walsh Objection at 1. This is completely conclusory and insufficient.[2]

For this reason alone, Walsh's Objection should be denied.

**C.   Even if Walsh had Established Standing, his Objections are**
**<u>Without Merit and Should be Denied</u>**

If this Court rejects Walsh's Objection because Walsh has failed to establish standing, it need not do anymore. However, even if Walsh had established standing (which he has not), review of his objections demonstrate that they carry no weight and should therefore be overruled.

Walsh objects on three grounds (essentially the same three grounds his counsel cites in every case they object to): (1) that the Notice was "vague, confusing and

---

[2] In stark contract, Objector Weinstein clearly meets the standing threshold stating that she purchased French fries at a Wendy's store in Seagoville, Texas on or about October 16, 2008. However, as discussed below, Weinstein's Objections, which are focused on attorneys fees, and not the terms of the settlement, are without merit and should be overruled.

1    inadequate"; (2) "that the proponents have not carried their burden of proof that the

2    settlement is fair, adequate and reasonable"; and (3) "the attorneys' fees and expenses

3    and incentive awards are excessive under either a percentage of recovery method or

4    under a lodestar analysis" in that "to the extent detailed time and expense records are not

5    provided to the Court in advance of the fairness hearing and made part of the Court's

6    record."  As seen below, each of these objections are without merit.

### 1.    The Court Ordered Notice Was Appropriate

8         This Court in its Order Granting Preliminary Approval of Settlement found that

9    the form and procedures proposed for disseminating notice were the best practicable

10   under the circumstances and satisfied Rule 23 of the Federal Rules of Civil Procedure

11   and the requirements of due process.  Court Order at 7.   Despite this Court's Order,

12   Walsh's Counsel makes the completely conclusory claim that the Notice was "vague,

13   confusing and inadequate".  Walsh Objection at 2.  This objection is without merit and

14   should be overruled.

15        Notably, Walsh fails to cite any authority for the proposition that the Notice is

16   legally insufficient.  Nor can Walsh cite authority as "[n]otice is satisfactory in the

17   context of settlement if it fairly apprises class members of the terms of the settlement in

18   sufficient detail to afford them the opportunity to decide whether they should accept the

19   benefits offered, opt out and pursue their own remedies, or object to the settlement".

20   *Stratton v. Glacier Ins. Adm'rs, Inc.*, 02-cv-06213 OWW, 2007 U.S. Dist. LEXIS 9509,

21   *40 (E.D. Cal. 2007) *citing Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566, 575

22   (9th Cir. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998);

23   *Wilson v. Airborne Inc. et al*, 07-cv-0770 VAP, (C.D. Cal. Aug. 13, 2008) at 13 ("The

24   Court further overrules the objections to the adequacy of notice made by Objector

25   Walsh, who provides no authority for his assertion") (attached as Exhibit B to Reese

26

27

28

4

Reply. Decl.).   Here, the Notice more than adequately meet this standard.  In fact, it tracks the provisions of Federal Civil Procedure Rule 23(c).[3]

---

[3] Federal Civil Procedure Rule 23(c) states as follows:

   (2) Notice.

   (A) For (b)(1) or (b)(2) Classes. For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class.

   (B) For (b)(3) Classes. For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:

   (i) the nature of the action;

   (ii) the definition of the class certified;

   (iii) the class claims, issues, or defenses;

   (iv) that a class member may enter an appearance through an attorney if the member so desires;

   (v) that the court will exclude from the class any member who requests exclusion;

   (vi) the time and manner for requesting exclusion; and

   (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Here the Notice stated: (i) the nature of the action ("Wendy's misrepresented the trans fat content of its French Fries and fried chicken products"); (ii) the definition of the class ("All persons in the United States Who, Between June 8, 2006 and December 17, 2008, Purchased French Fries and Fried Chicken Products Sold Under the Wendy's Label at Wendy's Restaurants"); (iii) the class claims, issues or defenses ("Wendy's misrepresented the trans fat content of its French Fries and fried chicken products"; Wendy's denies that it committed or threaten to commit any violations of law, breaches of contract or duty, or wrongful conduct with respect to the Plaintiff or the Settlement Class, including but not limited to the allegations that Wendy's engaged in unfair, unlawful, fraudulent or deceptive sales practices, committed fraud, breached an implied contract, or was unjustly enriched"); (iv) that a class member may enter an appearance through an attorney if the member so desires ("requests…may be signed by you or your legal representative"); (v) that the court will exclude from the class any member who requests exclusion; ("You have the right to exclude yourself from the settlement and from being a member of the Settlement Class…Requests for exclusion must be postmarked by February 16, 2009"):  (vi) the time and manner for requesting exclusion ("Requests for exclusion must be postmarked by February 16, 2009 and mailed to Class Counsel and to Wendy's Counsel"); and  (vii) the binding effect of a class judgment on members ("If you do not exclude yourself from the settlement by February 16, 2009, you will be prohibited from seeking further relief on the matters subject to this settlement."). Moreover, the Notice also provided directions on how to opt out or object in clear terms,

1    With respect to the method of notice (*i.e.*, through serial publication in a national
2  newspaper with the largest circulation of any U.S. newspapers and multiple postings on
3  the internet), given the conclusory and vague nature of his objection, it is unclear
4  whether Walsh objects or not to this method of notice.  Nonetheless, as previously found
5  by this Court, the method of dissemination is more than adequate as the Notice was
6  disseminated in a reasonable manner meant to reach the most class members.  Court
7  Order at 2;  *see also In re Toys R Us Antitrust Litig.*, 191 F.R.D. 34, 350 (E.D.N.Y.
8  2000) (approving settlement notice, stating that [w]hile not sent to individual consumers,
9  the Notice was well calculated to reach the toy consuming public throughout the country.
10 Notice was published in national magazines and newspapers and on the internet");
11 *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986)  ("Likewise, the
12 method chosen to disseminate the notice--publication over a period of weeks in several
13 metropolitan New York newspapers--adequately served to notify class members that a
14 potential compromise had been reached"); *In re Vivendi Universal, S.A.,* 242 F.R.D. 76,
15 107-08 (S.D.N.Y. 2007) ("[W]hen class members' names and addresses may not be
16 ascertained by reasonable effort, publication notice has been deemed adequate to satisfy
17 due process").

18    Accordingly, Walsh's objection to the Notice is without merit and should be
19 overruled.

20              **2.       The Settlement is Fair, Adequate and Reasonable**

21    The opening brief discusses in great detail how the settlement is fair, adequate and
22 reasonable under the applicable Ninth Circuit standard.  *See* Opening Brief at 5-10
23 discussing various prongs to determine if settlement is fair, adequate and reasonable as

25 which Objector Walsh obviously understood as evidenced by the filing of his objection
26 pursuant to those terms.  *See* Declaration of Michael R. Reese in Support of Motion for
Final Approval (Dkt. 73) ("Reese Opening Brief Decl.") Ex. B (Dkt. 73-3).

1  stated by the Ninth Circuit.  Objector Walsh and his counsel apparently failed to read the

2  detailed discussion in the Opening Brief as they merely make the conclusory objection

3  that "the proponents have not carried their burden that the settlement is fair, adequate and

4  reasonable."  Walsh Objection at 1.  As seen from the Opening Brief, this objection is

5  completely without merit. Opening Brief at 5-10; *see also Wilson*, 07-cv-0770 (Reese

6  Reply Decl. Ex. B) at 22 ("The Court also overrules the objections filed by Objector

7  Walsh, who argues that the settlement is inadequate…This is essentially a dispute with

8  the form of compromise Plaintiff and his counsel chose to accept by settling, and not a

9  basis for deeming the settlement agreement's terms unfair or inadequate").

10  Objector Walsh also states that "the settlement provides vague injunctive relief

11  and *cy pres* relief, without any direct monetary benefits to the class."  Walsh Objection at

12  1.  This is untrue.  There is nothing at all "vague" about the injunctive and *cy pres* relief.

13  Rather the injunctive relief specifies that Wendy's is required to change its fry oil used in

14  its fried food cooking process so that the cooking oil has 0 grams of trans fat.  This

15  injunctive relief applies to all stages of the cooking process – *i.e.* both the "par-fry stage"

16  when the fried food is initially cooked outside of Wendy's restaurants and the "fry stage"

17  when the fried food is re-heated in oil located in the Wendy's restaurants.  Furthermore,

18  an independent monitor will randomly test Wendy's fried food to assure that Wendy's

19  has complied with the terms of the injunctive relief.

20  Courts repeatedly have recognized that settlements premised upon injunctive relief

21  akin to that presented here are "fair, adequate and reasonable."  *See e.g.  Hanlon*, 150

22  F.3d at 1027 (upholding district court's order granting final approval of settlement

23  comprised of injunctive relief and monitoring); *Hillis v. Equifax Consumer Servs.,* 04-cv-

24  3400 TCB, 2007 U.S. Dist. LEXIS 48278 , *13 (N.D. Ga. 2007) (granting final approval

25  to settlement that provides injunctive relief stating that "[t]he proposed injunctive relief

26  is multi-faceted and comprehensive….The components of the injunctive relief provide

27  the Class with significant relief by mandating specific significant changes to Defendants'

28  Offerings and marketing and advertising literature. These changes directly address the

issues raised in the Complaints in these consolidated lawsuits concerning alleged misrepresentations by the Defendants"); *Fresco v. Auto Data Direct, Inc.*, 03-cv-61063, 2007 U.S. Dist. LEXIS 37863, *17 (S.D. Fla. 2007)  ("The substantial injunctive relief that will be provided under the proposed settlement also favors preliminary approval"); *People United for Children, Inc. v. City of New York*, 99-cv-648, 2007 U.S. Dist. LEXIS 15425, *11 (S.D.N.Y. 2007) (overruling objectors and granting final approval of settlement based upon injunctive relief); *Serventi v. Bucks Tech. High Sch.*, 225 F.R.D. 159, 162 (E.D. Pa. 2004) (granting final approval to settlement based upon injunctive relief); *In re Toys R Us Antitrust Litig.*, 191 F.R.D at 350 (approving settlement that provided toys to be distributed to charitable organizations without providing any redress to class members); *State of New York by Vaccoo v. Reebok Int'l Ltd.*, 903 F. Supp. 532, 534 (S.D.N.Y. 1995) (approving settlement that provided cash or products to be distributed to various charitable organizations, again, without providing any redress to class members).

Second, Walsh's objection to the *cy pres* relief being "vague" is also untenable. There is nothing at all "vague" about what is required.  Pursuant to the terms of the proposed settlement, Wendy's must pay $450,000 each (for a total of $1.8 million) to the American Heart Association, American Cancer Society, American Dietetic Association, and American Diabetes Association.  Payment to these organizations makes sense given that their work covers health issues related to trans-fats.  In fact, the American Heart Association was quoted in the Complaint regarding its work studying the allegedly adverse health effects caused by the consumption of trans-fat.

Accordingly, Walsh objection as to the adequacy of the settlement is without merit and should be overruled.

### 3.    The Attorneys' Fees and Expenses are Appropriate

As stated in the Opening Brief, Defendant has agreed to pay $1,090,000 in attorneys' fees and expenses.  Opening Brief at 11.  Notably, this amount was only negotiated after there was agreement as to all the terms of the settlement. *Id.* at 11.  The

payment of attorneys' fees also does not in anyway reduce the settlement benefit. *Id.* at 11, fn. 6.  The attorneys' fees sought here also reflect the great amount of work spent litigating this and two related actions that were vigorously defended by Defendant, and includes, but is not limited to, work spent on three motions to dismiss, two contested class certification motions, review of over 150,000 pages of documents, and depositions of Defendant and Plaintiffs. *Id.* at 12.  Finally, the attorneys' fees requested in the Opening Brief reflected a mere multiplier of 1.1.  This multiplier does not reflect the attorney time spent on this brief or the preparation for, travel to and appearance at the final approval hearing scheduled for March 9, 2009. Moreover, a multiplier of 1.1 is on the far low end of multipliers awarded by courts within the Ninth Circuit. *Id.* at 15; *see also Wilson*, 07-cv-00770 at 31 (approving multiplier of 2); *Bellows v. NCO Fin. Sys., Inc.,*07-cv-1413 W, 2009 U.S. Dist. LEXIS 273, *5 (S.D. Cal. Jan. 5, 2009)(awarding multiplier of 1.7); *Martin v. FedEx Ground Package Sys.*, 06-cv-6883 VRW, 2008 U.S. Dist. LEXIS 106524, *20 (N.D. Cal. Dec. 31, 2008)  ("Because the lodestar cross check revealed a relatively low multiplier of 1.48, the court is satisfied that counsel's requested fee award is not unreasonable"); *Craft v. County of San Bernardino*, 05-cv-00359 SGL, 2008 U.S. Dist. LEXIS 27526, *32 (C.D. Cal. Apr. 1, 2008)(awarding multiplier of 5.2 and stating that "[w]hile this is a high end multiplier, there is ample authority for such awards resulting in multipliers in this range or higher").

         **a.**      **Objector Walsh's Objection to the Fee and Expense Payment is Without Merit**

Objector Walsh states that his objection "is made to the extent detailed time and expenses records are not provided to the Court in advance of the fairness hearing and made part of the Court's record."  Walsh Objection at 1.  This objection is both baseless and moot, reflecting, yet again, the failure of Walsh and his counsel to review the record before making their standard form objection.  Detailed time and expense records ***were submitted*** to the Court in advance of the fairness hearing and are part of the Court's Record.  *See* Reese Opening Brief Decl. Ex. D (Dkt. 73-5) (providing detailed time and

1  expense records).  Accordingly, Objector Walsh's objection as to the attorneys' fees and

2  expenses should be overruled.

3         b.     **Objector Weinstein's Objection to the Attorneys' Fees is**

4                **Without Merit**

5         Objector Weinstein does not object to any aspect of the terms of the settlement.

6  Rather Weinstein's Objection is solely limited to the requested attorneys' fees.  As

7  discussed below, this objection is without merit and should be denied.

8         Objector Weinstein first objects to the fee stating that that "the money that

9  Defendant was willing to pay above a reasonable fee should have gone to the class or the

10 *cy pres* award, rather than back to the Defendant."  Weinstein Objection at 1.  This is a

11 fundamental misunderstanding of the fee sought here.  As stated above, the attorneys'

12 fees sought here do not in any way diminish the benefit achieved by the settlement,

13 neither the injunctive nor the *cy pres* component.  *See e.g. DeBoer v. Mellon Mortgage*

14 *Co.,* 64 F.3d 1171, 1178 (8th Cir. 1995) (approving award of attorneys' fees where "[t]he

15 vast majority of the fee will be paid by [the defendant] and will not come out of any class

16 recovery").  Rather, any reduction in the fee will only reward Defendant, who will end

17 up retaining that portion of the fee not paid to Class Counsel.

18        The second objection raised by Weinstein is that "class counsel failed to prove up

19 the reasonableness of the hourly rate" focusing on the hourly rate of Mr. Reese and Class

20 Counsel's paralegals.  Weinstein Objection at 2.  As seen in Reese Reply Declaration,

21 the hourly rate sought by Mr. Reese is consistent with the comparable market rate and, in

22 fact, reflects an hourly rate approved of by numerous courts for attorneys with

23 experience comparable to that of Mr. Reese.  As stated in previous filings made with this

24 Court, Mr. Reese is an accomplished trial attorney who began his practice at the

25 Manhattan District Attorney's Office where he prosecuted white collar and violent street

26 crime.  Prior to the founding of Reese Richman LLP, Mr. Reese was a partner at a large

27 class action law firm with offices in New York and California from where Mr. Reese

28 successfully litigated numerous securities, anti-trust and consumer fraud class actions.

Mr. Reese is a member of both the New York and California bars.  *See* Reese Reply Decl. at C.  In situations with attorneys of similar experience, courts have found that the hourly rate of $625 (or even much higher) to be reasonable and in line with market rates. *See e.g. Matlink v. Home Depot & Lowes,* 07-cv-1994 (S.D. Cal. 2008) (found billing rate of $630 per hour by partner with 15 years experience reasonable for the Southern California market) (attached as Exhibit D to the Reese Reply Decl.); *Yue v. Storage Technology Corp. et al.*, 07-cv-5850 JW (N.D. Cal. Sept. 5, 2008) at 7 (approving fee award based upon range of $605 to $690 per hour for partners at Fenwick & West in California)(Reese Reply Ex. E); Reese Reply Decl. ¶ 6 (stating that average market rate in 2008 for partners at a specific Los Angeles law firm was $626 per hour and for a certain New York law firm was $730 per hour, with an hourly rate for 8th year associates at same Los Angeles firm being $505 per hour and for the New York law firm being $575 per hour, and that the top billing rate for all firms surveyed was $920 per hour for associates and $1260 per hour for partners).   The amount sought here for the paralegals also comports with comparable market rates.  Reese Decl. Ex. F.  Accordingly, this objection is without merit.

Objector Weinstein also objects claiming that "class counsel failed to provide sufficient detail to prove up the work."  Weinstein Objection at 2.  This is untrue.  Class Counsel has submitted a detailed description of the work performed that is based upon contemporaneous, complete and standardized time records.  *See* Reese Opening Brief Decl. Ex. B (73-5) (providing detailed description of work performed).  Moreover, the information provided by Class Counsel more than exceeds the standard set forth by the Ninth Circuit regarding an application for attorneys fees.  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 07-cv-56711, 2009 U.S. App. LEXIS 2899, *31 (9th Cir. 2009) ("While some federal courts require that an attorney maintain and submit contemporaneous, complete and standardized time records…In California, an attorney need not submit contemporaneous time records in order to recover attorney fees….Testimony of an attorney as to the number of hours worked on a particular case is

1    sufficient evidence to support an award of attorney fees, even in the absence of detailed
2    time records").  Accordingly, this objection is also without merit.
3           Objector Weinstein also objects to the attorneys' fees claiming that the $2.2
4    million to be spent by Wendy's to change its cooking oil so that it has 0 grams of trans
5    fat is based upon a "false assumption" in that "the alleged benefit assumes that Wendy's
6    will not increase the price of its products to recoup the increased costs."  Weinstein
7    Objection at 2.  This too is untrue.  The proposed settlement is not contingent in any way
8    on Wendy's future prices, nor should it be as eliminating trans-fat from Wendy's
9    cooking process achieves a significant public health benefit, which, as stated in the
10   Opening Brief, is in many respects invaluable given the alleged significant health risk it
11   addresses.  Furthermore, in similar situations where the benefit is primarily injunctive
12   relief, courts do not look at whether the defendant raises (or lowers) prices in response to
13   the settlement, but rather focus on whether the injunctive relief obtained is related to the
14   claims of the action. *Hanlon*, 150 F.3d at 1027 (upholding district court's order granting
15   final approval of settlement comprised of injunctive relief and monitoring); *see also*
16   *Hillis,* 2007 U.S. Dist. LEXIS 48278 at *13; *Fresco*, 2007 U.S. Dist. LEXIS 37863 at
17   *17; *In re Toys R Us*, 191 F.R.D. at 350.  Here, the injunctive relief is directly related to
18   the claims asserted in this action and accomplishes the significant goal of what the action
19   sought to achieve, namely elimination of the trans-fat laden cooking oil from Wendy's
20   fried food cooking process.  The settlement therefore achieves a significant, valuable
21   result.  Accordingly, the objection is without merit and should be overruled.
22          Finally, Weinstein states that under the Class Action Fairness Act ("CAFA"),
23   "fees may not be awarded for unused coupons given to charities."  Weinstein Objection
24   at 3.  However, as Weinstein concedes, this is not a coupon settlement, and accordingly,
25   the CAFA coupon "provision does not apply here."   Weinstein Objection at 3.
26   Moreover, the primary means of determining the appropriateness of attorneys' fees
27   presented here is the lodestar method, which the CAFA section cited by Weinstein does
28

12

1  not apply to. Accordingly, this objection is irrelevant, and therefore without merit, and

2  should be overruled.

3                                              **CONCLUSION**

4            For the reasons stated above and in the Opening Brief in Support of Motion for

5  Final Approval, Plaintiffs hereby respectfully request that the Court now enter an Order

6  granting final approval of the Settlement and entering Judgment; enter an order awarding

7  Class Counsel $1,090,000 plus interest that has been placed in escrow to pay for Class

8  Counsel's attorneys fees and expenses; and enter an order awarding Class

9  Representatives Jernow and McLawrence $3500 each and Yoo and Fitch $1500 each.

10

11  Dated:  February 23, 2009                    Respectfully submitted,

12                                              */s/ Michael R. Reese*
                                                Michael R. Reese
13                                              **REESE RICHMAN LLP**
                                                875 Sixth Avenue, 18th Floor
14                                              New York, New York 10001
                                                Telephone:  (212) 579-4625
15                                              Facsimile:   (212) 253-4272

16

17                                              *Counsel for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28