JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOKHYUN YOO, on behalf of herself, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WENDY'S INTERNATIONAL, INC.<br><br>Defendant. | CASE NO. **2:07-cv-04515-FMC-JCx**<br><br>Hon. Florence-Marie Cooper<br><br>**REVISED**<br>**ORDER AND FINAL JUDGMENT** |

| | |
|---|---|
| 1 | On the 9th day of March 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 17, 2008 (the "Stipulation" or "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendant in the First Amended Class Action Complaint ("Complaint") now pending in this Court under the above caption, including the release of the defendant Wendy's International, Inc. ("Wendy's" or "Defendant") and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom; (3) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses; and (4) whether to grant a $10,000 award to the Named Plaintiffs as compensation for the time and expenses they incurred in serving as class representatives. |

On the 9th day of March 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 17, 2008 (the "Stipulation" or "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendant in the First Amended Class Action Complaint ("Complaint") now pending in this Court under the above caption, including the release of the defendant Wendy's International, Inc. ("Wendy's" or "Defendant") and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom; (3) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses; and (4) whether to grant a $10,000 award to the Named Plaintiffs as compensation for the time and expenses they incurred in serving as class representatives.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the proposed settlement and hearing were published in the manner previously approved of by the Court and the Court having considered and determined the fairness and reasonableness of the award of the attorneys' fees and expenses requested; and the Court having considered and determined the reasonableness of the application for an award to the Class Representatives for their time and expenses incurred in serving as class representatives:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order replaces the Order and Final Judgment entered on March 10, 2009 (Dkt. 85).

2. The Court has jurisdiction over the subject matter of the Complaint, Class Representatives, all Class Members, and the Defendant.

3. All capitalized terms not otherwise defined herein shall have the meaning set forth in the Stipulation.

1        4.      The Court finds, for purposes of effectuating this settlement only, that the prerequisites for a class action under Federal Civil Procedure Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Class Representatives – Bokhyun Yoo, Adam Jernow, Leah McLawrence and Catherine Fitch – are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

         5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies for purposes of settlement, this action as a class action on behalf of all purchasers in the United States of Wendy's French fries or fried chicken products during the period of June 8, 2006 to and including December 17, 2008 (the "Class"). Excluded from the Class are the persons and/or entities who previously and effectively excluded themselves from the Class by filing a request for exclusion in response to the Notice of Pendency as listed on Exhibit 1 annexed hereto.

         6.      The form, content and method of notifying the Class of the settlement of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

         7.      The Settlement set forth in the Stipulation is the product of substantial, good faith, arm's length negotiations between and among the parties and, pursuant to Federal Rule Civil Procedure 23, is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.	The objections made by Kervin Walsh and Christi Weinstein are hereby overruled given the findings by this Court herein and at the March 9, 2009 hearing that the Notice disseminated pursuant to this Court's December 18, 2008 Order complied with Federal Civil Procedure Rule 23 and the requirements of due process; the settlement is fair, adequate and reasonable; and payment of the attorneys' fees and expenses requested by Class Counsel are reasonable and appropriate.

9.	The Complaint is hereby dismissed with prejudice and, except as provided in the Stipulation, without costs to the Defendant. Class Counsel is directed to take all steps necessary to cause the Jernow Action and the Fitch Action to be dismissed with prejudice and without costs to the Defendant concurrent with the entry of this Order and Final Judgment.

10.	The Class Representatives and members of the Class, and each of their heirs, agents, executors, administrators, beneficiaries, predecessors, successors, or assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether class or individual in nature, including both known claims and unknown claims that have been or could have been asserted in the Trans Fat Litigation or in any forum by the Class members or any of them, or by their heirs, agents, executors, administrators, beneficiaries, predecessors, successors, or assigns, which arise out of or are relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in the Trans Fat Litigation (the "Settled Claims"), against the Defendant, and its past or present subsidiaries, parents, affiliates, successors and predecessors, and the officers, directors, agents, employees, auditors, accountants, insurers and re-insurers, legal representatives, heirs, executors, administrators, and successors in interest to or assigns of the foregoing (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of

the proceedings herein and this Order and Final Judgment. Pursuant to the Stipulation of Settlement, such release specifically does not include any personal injury claims based upon the purchase or consumption of Wendy's Fried Food during the Class Period.

11. The Defendant and Defendant's heirs, agents, executors, administrators, beneficiaries, predecessors, successors, or assigns (in their capacities as such), are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown Claims, that have been or could have been asserted in the Trans Fat Litigation or any forum by the Defendant or Defendant's heirs, agents , executors, administrators, beneficiaries, predecessors, successors, or assigns (in their capacities as such), against the Class Representatives, any of the Class Members or any of their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Trans Fat Litigation (except for claims to enforce the Settlement) (the "Settled Defendant's Claims"). The Settled Defendant's Claims are hereby released and discharged.

12. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

    (a) offered or received against the Defendant or any other Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Trans Fat Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Trans Fat Litigation or in any proceeding, or of any liability, negligence, fault, or wrongdoing of the Defendant;

4

| | | |
|---|---|---|
| (b) | offered or received against the Defendant or any other Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or any of the Released Parties; | |
| (c) | offered or received against the Defendant or any other Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the Defendant or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendant or Released Parties may refer to it to effectuate the liability protection granted them hereunder; | |
| (d) | construed against the Defendant or any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or of the validity of any claims in the Trans Fat Litigation or of any wrongdoing; or | |
| (e) | construed as or received in evidence as an admission, concession or presumption against any of the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendant have any merit. | |

13. Pursuant to Section 3.4 of the Stipulation, Defendant shall pay $450,000 plus any interest earned from the date the $1,800,000.00 was funded in an Escrow Account pursuant to the Stipulation to the date of payment (to be divided equally among the four organizations referenced in this paragraph) to each of the following: American Cancer Society; American Diabetes Association; American Dietetic Association; and American Heart Association.

14. In accordance with Section 3.2(a) of the Stipulation, to the extent that any Wendy's Fried Food item is prepared, whether at the par fry stage or finish fry stage, in cooking oil containing trans fat, the cooking oil must contain a level of trans fat per serving that, pursuant to the regulations then in force and promulgated by the United States Food and Drug Administration, can be represented as 0 grams of trans fat.

15. In accordance with Section 3.3 of the Stipulation, Defendant shall pay for and subject its Fried Food to independent monitoring for one year to assure compliance with section 12 of this Order and Final Judgment.

16. Class Counsel are hereby awarded $1,090,000.00 (plus interest accrued) for attorneys fees and reimbursement of their expenses, which the Court finds to have been fair and reasonable and reasonably incurred. The foregoing amount shall be paid to Class Counsel from the Escrow Fund established in accordance with the Stipulation and shall also include in addition to the amount referenced above the interest earned from the date such Escrow Fund was funded to the date of payment. The award of attorneys' fees shall be allocated among any counsel who worked on behalf of plaintiffs in a fashion which, in the opinion of Class Counsel, fairly compensates their respective contributions in the prosecution of the Trans Fat Litigation. Any and all payments to any counsel who worked for plaintiffs in this action shall come solely from the above-referenced award made to Class Counsel such that it represents the maximum amount of Defendant's liability for any counsel who performed work on behalf of the plaintiffs in this Trans Fat Litigation.

17. Class Representatives are hereby awarded the following amounts for their time and costs incurred in serving as Class Representatives: Adam Jernow - $3500; Leah McLawrence - $3500; Bohkyun Yoo - $1500; Catherine Fitch - $1500. These awards shall be paid by Defendant within 20 days of the Effective Date of the Settlement and sent to addresses of the Class Representatives to be provided by Class Counsel to Defendant's counsel.

18. In making this award of attorneys' fees and reimbursement and award the Court has considered and found that:

(a) The lodestar expended to date in litigating this matter is no less than $955,000. The award of $1,090,000 represents a multiplier of 1.1, which is fair and reasonable.

(b) The value of the settlement is no less than $5,500,000. Class counsel's percentage of this amount is 19.8%, which is fair and reasonable;

(c) Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted for approximately two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Class Counsel not achieved the Settlement there would remain a significant risk that the relief obtained via the Settlement would not have occurred;

(f) Class Counsel has devoted over 1600 hours, with a lodestar value of over $955,000 to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed to be paid by Defendant are fair and reasonable and consistent with awards in similar cases.

19. The Class Representatives have actively participated in all aspects of the litigation. As an incentive reward and compensation for their time and costs expended to serve the Class and prosecute the litigation that has resulted in the Settlement, the Class Representatives are awarded the following amounts to be paid by Defendant: Adam Jernow - $3,500; Leah McLawrence - $3,500; Bokhyun Yoo - $1,500; Catherine Fitch - $1,500. The difference in awards is due to the fact that Mr. Jernow and Ms. McLawrence expended more time and effort than Ms. Yoo and Ms. Fitch because they

sat for their depositions, whereas Ms. Yoo and Ms. Fitch did not because the case settled before their depositions occurred.

20. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Trans Fat Litigation, including the administration, interpretation, effectuation, enforcement and/or implementation of the Stipulation and this Order and Final Judgment.

21. This Judgment and all provisions thereof, and the Settlement, shall bind each Class Member.

IT IS SO ORDERED.

Dated: March 13, 2009

_____
Hon. Florence-Marie Cooper
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

## **List of Class Members Who Have Opted Out**

Thomas Kron – Humble, Texas
Robert Martinez – San Antonio, Texas