Name _Frank Liuzzi_
Address _101 Montgomery St., 27th Floor_
City, State, Zip _San Francisco, California 94104_
Phone _(415) 543-5050_
Fax _(415) 543-3550_
E-Mail _frank@lmslaw.com_
☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Bokhyun Yoo, on behalf of Herself and all other similarly situated

PLAINTIFF(S),

v.

Wendy's International, Inc.

DEFENDANT(S).

CASE NUMBER:

2:07-CV-04515-FMC-JC

### NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that _____ Kervin Walsh _____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
  Order & Judgment & Revised Order & Judg

☒ Judgment (specify):
  Order & Judgment & Revised Order & Judg

☐ Other (specify):

Imposed or Filed on __3/9/2009 & 3/13/09__. Entered on the docket in this action on __3/10/2009 & 3/13/09__.

A copy of said judgment or order is attached hereto.

__April 6, 2009__
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

4/6/2009 9:56:34 AM   Receipt #: 117541
        Cashier : ABELLAMY CLR 1-13
Paid by: BEHDAD LAW FIRM PC
2:CV07-04515
2009-086900          Appeals Filing Fees(1)
                                    $195.00
Amount :
2:CV07-04515
2009-510000Judicial Services ($150.00)(1)
                                    $150.00
Amount :
2:CV07-04515
2009-086400Appeals Filing fee - Special(1)

Amount :                            $200.00
Check Payment : 5105 /              455.00



FILED
CLERK, U.S. DISTRICT COURT

MAR 1 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BOKHYUN YOO, on behalf of
herself, and those similarly situated,

              Plaintiff,

        v.

WENDY'S INTERNATIONAL,
INC.

              Defendant.

CASE NO.  CV07-4515 FMC (JCx)

Hon. Florence-Marie Cooper

[PROPOSED]
ORDER AND FINAL JUDGMENT

On the 9th day of March 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated December 17, 2008 (the "Stipulation" or "Settlement") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the First Amended Class Action Complaint ("Complaint") now pending in this Court under the above caption, including the release of the defendant Wendy's International, Inc. ("Wendy's" or "Defendant") and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendant and as against all persons or entities who are members of the Class herein who have not previously and effectively requested exclusion therefrom; (3) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses; and (4) whether to grant a $10,000 award to the Named Plaintiffs as compensation for the time and expenses they incurred in serving as class representatives.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the proposed settlement and hearing were published in the manner previously approved of by the Court and the Court having considered and determined the fairness and reasonableness of the award of the attorneys' fees and expenses requested; and the Court having considered and determined the reasonableness of the application for an award to the Class Representatives for their time and expenses incurred in serving as class representatives:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Complaint, Class Representatives, all Class Members, and the Defendant.

2.     All capitalized terms not otherwise defined herein shall have the meaning set forth in the Stipulation.

3.     The Court finds, for purposes of effectuating this settlement only, that the prerequisites for a class action under Federal Civil Procedure Rule 23(a) and (b)(3) have

1  been satisfied in that: (a) the number of Class Members is so numerous that joinder of

2  all members thereof is impracticable; (b) there are questions of law and fact common to

3  the Class; (c) the claims of the Court-appointed Class Representatives – Bokhyun Yoo,

4  Adam Jernow, Leah McLawrence and Catherine Fitch – are typical of the claims of the

5  Class they represent; (d) the Class Representatives have and will continue to fairly and

6  adequately represent the interests of the Class; (e) the questions of law and fact common

7  to the members of the Class predominate over any questions affecting only individual

8  members of the Class; and (f) a class action is superior to other available methods for the

9  fair and efficient adjudication of the controversy.

10      4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court

11  hereby finally certifies for purposes of settlement, this action as a class action on behalf

12  of all purchasers in the United States of Wendy's French fries or fried chicken products

13  during the period of June 8, 2006 to and including December 17, 2008 (the "Class").

14  Excluded from the Class are the persons and/or entities who previously and effectively

15  excluded themselves from the Class by filing a request for exclusion in response to the

16  Notice of Pendency as listed on Exhibit 1 annexed hereto.

17      5.      The form, content and method of notifying the Class of the settlement of the

18  action as a class action and of the terms and conditions of the proposed Settlement met

19  the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and

20  any other applicable law, constituted the best notice practicable under the circumstances,

21  and constituted due and sufficient notice to all persons entitled thereto.

22      6.      The Settlement set forth in the Stipulation is the product of substantial, good

23  faith, arm's length negotiations between and among the parties and, pursuant to Federal

24  Rule Civil Procedure 23, is approved as fair, reasonable, and adequate, and the Class

25  Members and the parties are directed to consummate the Settlement in accordance with

26  the terms and provisions of the Stipulation.

27      7.      The objections made by Kervin Walsh and Christi Weinstein are hereby

28  overruled given the findings by this Court herein that the Notice disseminated pursuant

3

1   to this Court December 18, 2008 Order complied with Federal Civil Procedure Rule 23

2   and the requirements of due process; the settlement is fair, adequate and reasonable; and

3   payment of the attorneys' fees and expenses requested by Class Counsel are reasonable

4   and appropriate.

5        8.    The Complaint is hereby dismissed with prejudice and, except as provided

6   in the Stipulation, without costs to the Defendant. Class Counsel is directed to take all

7   steps necessary to cause the Jernow Action and the Fitch Action to be dismissed with

8   prejudice and without costs to the Defendant concurrent with the entry of this Order and

9   Final Judgment.

10       9.    The Class Representatives and members of the Class, and each of their

11   heirs, agents, executors, administrators, beneficiaries, predecessors, successors, or

12   assigns, are hereby permanently barred and enjoined from instituting, commencing or

13   prosecuting any and all claims, debts, demands, rights or causes of action or liabilities,

14   whether based on federal, state, local, statutory or common law or any other law, rule or

15   regulation, whether class or individual in nature, including both known claims and

16   unknown claims that have been or could have been asserted in the Trans Fat Litigation or

17   in any forum by the Class members or any of them, or by their heirs, agents, executors,

18   administrators, beneficiaries, predecessors, successors, or assigns, which arise out of or

19   are relate to the allegations, transactions, facts, matters or occurrences, representations or

20   omissions involved, set forth or referred to in the Trans Fat Litigation (the "Settled

21   Claims"), against the Defendant, and its past or present subsidiaries, parents, affiliates,

22   successors and predecessors, and the officers, directors, agents, employees, auditors,

23   accountants, insurers and re-insurers, legal representatives, heirs, executors,

24   administrators, and successors in interest to or assigns of the foregoing (the "Released

25   Parties"). The Settled Claims are hereby compromised, settled, released, discharged and

26   dismissed as against the Released Parties on the merits and with prejudice by virtue of

27   the proceedings herein and this Order and Final Judgment. Pursuant to the Stipulation of

28

1 Settlement, such release specifically does not include any personal injury claims based

2 upon the purchase or consumption of Wendy's Fried Food during the Class Period.

3     10.    The Defendant and Defendant's heirs, agents, executors, administrators,

4 beneficiaries, predecessors, successors, or assigns (in their capacities as such), are hereby

5 permanently barred and enjoined from instituting, commencing or prosecuting any and

6 all claims, debts, demands, rights or causes of action or liabilities, whether based on

7 federal, state, local, statutory or common law or any other law, rule or regulation,

8 including both known claims and unknown Claims, that have been or could have been

9 asserted in the Trans Fat Litigation or any forum by the Defendant or Defendant's heirs,

10 agents , executors, administrators, beneficiaries, predecessors, successors, or assigns (in

11 their capacities as such), against the Class Representatives, any of the Class Members or

12 any of their attorneys, which arise out of or relate in any way to the institution,

13 prosecution, or settlement of the Trans Fat Litigation (except for claims to enforce the

14 Settlement) (the "Settled Defendant's Claims"). The Settled Defendant's Claims are

15 hereby released and discharged.

16     11.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms

17 and provisions, nor any of the negotiations or proceedings connected with it, nor any of

18 the documents or statements referred to therein, shall be:

19     (a)    offered or received against the Defendant or any other Released Party as

20         evidence of or construed as or deemed to be evidence of any presumption,

21         concession, or admission by the Defendant with respect to the truth of any

22         fact alleged by any of the plaintiffs or the validity of any claim that has

23         been or could  have been asserted in the Trans Fat Litigation or in any

24         litigation, or the deficiency of any defense that has been or could have been

25         asserted in the Trans Fat Litigation or in any proceeding, or of any liability,

26         negligence, fault, or wrongdoing of the Defendant;

27     (b)    offered or received against the Defendant or any other Released Party as

28         evidence of a presumption, concession, or admission of any fault,

1    misrepresentation, or omission with respect to any statement or written

2    document approved or made by any Defendant or any of the Released

3    Parties;

4    (c)   offered or received against the Defendant or any other Released Party as

5    evidence of a presumption, concession, or admission with respect to any

6    liability, negligence, fault or wrongdoing, or in any way referred to for any

7    other reason as against the Defendant or Released Parties, in any other civil,

8    criminal or administrative action or proceeding, other than such

9    proceedings as may be necessary to effectuate the provisions of the

10    Stipulation; provided, however, that Defendant or Released Parties may

11    refer to it it to effectuate the liability protection granted them hereunder;

12    (d)   construed against the Defendant or any Released Party as an admission or

13    concession that the consideration to be given hereunder represents the

14    amount which could be or would have been recovered after trial or of the

15    validity of any claims in the Trans Fat Litigation or of any wrongdoing; or

16    (e)   construed as or received in evidence as an admission, concession or

17    presumption against any of the Class Representatives or any of the Class

18    Members that any of their claims are without merit, or that any defenses

19    asserted by the Defendant have any merit

20    12.   Pursuant to Section 3.4 of the Stipulation, Defendant shall pay $450,000

21 plus any interest earned from the date the $1,800,000.00 was funded in an Escrow

22 Account pursuant to the Stipulation to the date of payment (to be divided equally among

23 the four organizations referenced in this paragraph) to each of the following: American

24 Cancer Society; American Diabetes Association; American Dietetic Association; and

25 American Heart Association.

26    13.   In accordance with Section 3.2(a) of the Stipulation, to the extent that any

27 Wendy's Fried Food item is prepared, whether at the par fry stage or finish fry stage, in

28 cooking oil containing trans fat, the cooking oil must contain a level of trans fat per

Comment: The term Gross Settlement Fund is not defined and is not relevant to this action. Thus, the last phrase seemed unnecessary.

6

1  serving that, pursuant to the regulations then in force and promulgated by the United
2  States Food and Drug Administration, can be represented as 0 grams of trans fat.

3      14.    In accordance with Section 3.3 of the Stipulation, Defendant shall pay for
4  and subject its Fried Food to independent monitoring for one year to assure compliance
5  with section 12 of this Order and Final Judgment.

6      15.    Class Counsel are hereby awarded $1,090,000.00 (plus interest accrued) for
7  attorneys fees and reimbursement of their expenses, which the Court finds to have been
8  fair and reasonable and reasonably incurred.  The foregoing amount shall be paid to
9  Class Counsel from the Escrow Fund established in accordance with the Stipulation and
10 shall also include in addition to the amount referenced above the interest earned from the
11 date such Escrow Fund was funded to the date of payment. The award of attorneys' fees
12 shall be allocated among any counsel who worked on behalf of plaintiffs in a fashion
13 which, in the opinion of Class Counsel, fairly compensates their respective contributions
14 in the prosecutions of the Trans Fat Litigation.  Any and all payments to any counsel
15 who worked for plaintiffs in this action shall come solely from the above-referenced
16 award made to Class Counsel such that it represents the maximum amount of
17 Defendant's liability for any counsel who performed work on behalf of the plaintiffs in
18 this Trans Fat Litigation.

19     16.    Class Representatives are hereby awarded the following amounts for their
20 time and costs incurred in serving as Class Representatives: Adam Jernow - $3500; Leah
21 McLawrence - $3500; Bohkyun Yoo - $1500; Catherine Fitch - $1500. These awards
22 shall be paid by Defendant within 20 days of the Effective Date of the Settlement and
23 sent to addresses of the Class Representatives to be provided by Class Counsel to
24 Defendant's counsel.

25     17.    In making this award of attorneys' fees and reimbursement and award the
26 Court has considered and found that:

27     (a)    The value of the settlement is no less than $5,500,000.  Class counsel's
28            percentage of this amount is 19.8%, which is fair and reasonable;

(b)   The lodestar extended to date in litigating this matter is no less than $955,000. The award of $1,090,000 represents a multiplier of 1.1, which is fair and reasonable.

(c)   Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)   The action involves complex factual and legal issues and was actively prosecuted for two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)   Had Class Counsel not achieved the Settlement there would remain a significant risk that the relief obtained via the Settlement would not have occurred;

(f)   Class Counsel has devoted over 1600 hours, with a lodestar value of over $955,000 to achieve the Settlement; and

(g)   The amount of attorneys' fees awarded and expenses reimbursed to be paid by Defendant are fair and reasonable and consistent with awards in similar cases.

18.   The Class Representatives have actively participated in all aspects of the litigation. As an incentive reward and compensation for their time and costs expended to serve the Class and prosecute the litigation that has resulted in the Settlement, the Class Representatives are awarded the following amounts to be paid by Defendant: Adam Jernow - $3,500; Leah McLawrence - $3,500; Bokhyun Yoo - $1,500; Catherine Fitch - $1,500.   The difference in awards is due to the fact that Mr. Jernow and Ms. McLawrence expended more time and effort than Ms. Yoo and Ms. Fitch because they sat for their depositions, whereas Ms. Yoo and Ms. Fitch did not because the case settled before their depositions occurred.

19.   Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Trans Fat Litigation, including the

8

1 | administration, interpretation, effectuation, enforcement and/or implementation of the

2 | Stipulation and this Order and Final Judgment.

3 |     20.    This Judgment and all provisions thereof, and the Settlement, shall bind

4 | each Class Member.

5 |         SO ORDERED.

6 |         Dated: March 9, 2009

Hon. Florence-Marie Cooper
UNITED STATES DISTRICT JUDGE

9

**EXHIBIT 1**

**List of Class Members Who Have Opted Out**

Thomas Kron – Humble, Texas
Robert Martinez – San Antonio, Texas

10

1

2

3

4

5                                       **JS-6**

6

7

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12    BOKHYUN YOO, on behalf of herself, and those similarly situated, | CASE NO. **2:07-cv-04515-FMC-JCx** |
| 14             Plaintiff, | Hon. Florence-Marie Cooper |
| 15              v. | **REVISED ORDER AND FINAL JUDGMENT** |
| 17    WENDY'S INTERNATIONAL, INC. | |
| 19             Defendant. | |

20

21

22

23

24

25

26

27

28

1        On the 9th day of March 2009, a hearing having been held before this Court to

2    determine: (1) whether the terms and conditions of the Stipulation and Agreement of

3    Settlement dated December 17, 2008 (the "Stipulation" or "Settlement") are fair,

4    reasonable and adequate for the settlement of all claims asserted by the Class against the

5    Defendant in the First Amended Class Action Complaint ("Complaint") now pending in

6    this Court under the above caption, including the release of the defendant Wendy's

7    International, Inc. ("Wendy's" or "Defendant") and should be approved; (2) whether

8    judgment should be entered dismissing the Complaint on the merits and with prejudice in

9    favor of the Defendant and as against all persons or entities who are members of the

10    Class herein who have not previously and effectively requested exclusion therefrom; (3)

11    whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of

12    expenses; and (4) whether to grant a $10,000 award to the Named Plaintiffs as

13    compensation for the time and expenses they incurred in serving as class representatives.

14        The Court having considered all matters submitted to it at the hearing and

15    otherwise; and it appearing that a notice of the proposed settlement and hearing were

16    published in the manner previously approved of by the Court and the Court having

17    considered and determined the fairness and reasonableness of the award of the attorneys'

18    fees and expenses requested; and the Court having considered and determined the

19    reasonableness of the application for an award to the Class Representatives for their time

20    and expenses incurred in serving as class representatives:

21        NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

22       1.    This Order replaces the Order and Final Judgment entered on March 10,

23    2009 (Dkt. 85).

24       2.    The Court has jurisdiction over the subject matter of the Complaint, Class

25    Representatives, all Class Members, and the Defendant.

26       3.    All capitalized terms not otherwise defined herein shall have the meaning

27    set forth in the Stipulation.

28

1

1      4.    The Court finds, for purposes of effectuating this settlement only, that the
2  prerequisites for a class action under Federal Civil Procedure Rule 23(a) and (b)(3) have
3  been satisfied in that: (a) the number of Class Members is so numerous that joinder of
4  all members thereof is impracticable; (b) there are questions of law and fact common to
5  the Class; (c) the claims of the Court-appointed Class Representatives – Bokhyun Yoo,
6  Adam Jernow, Leah McLawrence and Catherine Fitch – are typical of the claims of the
7  Class they represent; (d) the Class Representatives have and will continue to fairly and
8  adequately represent the interests of the Class; (e) the questions of law and fact common
9  to the members of the Class predominate over any questions affecting only individual
10  members of the Class; and (f) a class action is superior to other available methods for the
11  fair and efficient adjudication of the controversy.

12      5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court
13  hereby finally certifies for purposes of settlement, this action as a class action on behalf
14  of all purchasers in the United States of Wendy's French fries or fried chicken products
15  during the period of June 8, 2006 to and including December 17, 2008 (the "Class").
16  Excluded from the Class are the persons and/or entities who previously and effectively
17  excluded themselves from the Class by filing a request for exclusion in response to the
18  Notice of Pendency as listed on Exhibit 1 annexed hereto.

19      6.    The form, content and method of notifying the Class of the settlement of the
20  action as a class action and of the terms and conditions of the proposed Settlement met
21  the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and
22  any other applicable law, constituted the best notice practicable under the circumstances,
23  and constituted due and sufficient notice to all persons entitled thereto.

24      7.    The Settlement set forth in the Stipulation is the product of substantial, good
25  faith, arm's length negotiations between and among the parties and, pursuant to Federal
26  Rule Civil Procedure 23, is approved as fair, reasonable, and adequate, and the Class
27  Members and the parties are directed to consummate the Settlement in accordance with
28  the terms and provisions of the Stipulation.

1      8.    The objections made by Kervin Walsh and Christi Weinstein are hereby
2  overruled given the findings by this Court herein and at the March 9, 2009 hearing that
3  the Notice disseminated pursuant to this Court's December 18, 2008 Order complied
4  with Federal Civil Procedure Rule 23 and the requirements of due process; the settlement
5  is fair, adequate and reasonable; and payment of the attorneys' fees and expenses
6  requested by Class Counsel are reasonable and appropriate.

7      9.    The Complaint is hereby dismissed with prejudice and, except as provided
8  in the Stipulation, without costs to the Defendant.  Class Counsel is directed to take all
9  steps necessary to cause the Jernow Action and the Fitch Action to be dismissed with
10  prejudice and without costs to the Defendant concurrent with the entry of this Order and
11  Final Judgment.

12      10.    The Class Representatives and members of the Class, and each of their
13  heirs, agents, executors, administrators, beneficiaries, predecessors, successors, or
14  assigns, are hereby permanently barred and enjoined from instituting, commencing or
15  prosecuting any and all claims, debts, demands, rights or causes of action or liabilities,
16  whether based on federal, state, local, statutory or common law or any other law, rule or
17  regulation, whether class or individual in nature, including both known claims and
18  unknown claims that have been or could have been asserted in the Trans Fat Litigation or
19  in any forum by the Class members or any of them, or by their heirs, agents, executors,
20  administrators, beneficiaries, predecessors, successors, or assigns, which arise out of or
21  are relate to the allegations, transactions, facts, matters or occurrences, representations or
22  omissions involved, set forth or referred to in the Trans Fat Litigation (the "Settled
23  Claims"), against the Defendant, and its past or present subsidiaries, parents, affiliates,
24  successors and predecessors, and the officers, directors, agents, employees, auditors,
25  accountants, insurers and re-insurers, legal representatives, heirs, executors,
26  administrators, and successors in interest to or assigns of the foregoing (the "Released
27  Parties").  The Settled Claims are hereby compromised, settled, released, discharged and
28  dismissed as against the Released Parties on the merits and with prejudice by virtue of

1  the proceedings herein and this Order and Final Judgment. Pursuant to the Stipulation of

2  Settlement, such release specifically does not include any personal injury claims based

3  upon the purchase or consumption of Wendy's Fried Food during the Class Period.

4        11.     The Defendant and Defendant's heirs, agents, executors, administrators,

5  beneficiaries, predecessors, successors, or assigns (in their capacities as such), are hereby

6  permanently barred and enjoined from instituting, commencing or prosecuting any and

7  all claims, debts, demands, rights or causes of action or liabilities, whether based on

8  federal, state, local, statutory or common law or any other law, rule or regulation,

9  including both known claims and unknown Claims, that have been or could have been

10  asserted in the Trans Fat Litigation or any forum by the Defendant or Defendant's heirs,

11  agents , executors, administrators, beneficiaries, predecessors, successors, or assigns (in

12  their capacities as such), against the Class Representatives, any of the Class Members or

13  any of their attorneys, which arise out of or relate in any way to the institution,

14  prosecution, or settlement of the Trans Fat Litigation (except for claims to enforce the

15  Settlement) (the "Settled Defendant's Claims"). The Settled Defendant's Claims are

16  hereby released and discharged.

17        12.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms

18  and provisions, nor any of the negotiations or proceedings connected with it, nor any of

19  the documents or statements referred to therein, shall be:

20        (a)     offered or received against the Defendant or any other Released Party as

21                    evidence of or construed as or deemed to be evidence of any presumption,

22                    concession, or admission by the Defendant with respect to the truth of any

23                    fact alleged by any of the plaintiffs or the validity of any claim that has

24                    been or could have been asserted in the Trans Fat Litigation or in any

25                    litigation, or the deficiency of any defense that has been or could have been

26                    asserted in the Trans Fat Litigation or in any proceeding, or of any liability,

27                    negligence, fault, or wrongdoing of the Defendant;

28

4

1          (b)    offered or received against the Defendant or any other Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or any of the Released Parties;

          (c)    offered or received against the Defendant or any other Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against the Defendant or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendant or Released Parties may refer to it to effectuate the liability protection granted them hereunder;

          (d)    construed against the Defendant or any Released Party as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or of the validity of any claims in the Trans Fat Litigation or of any wrongdoing; or

          (e)    construed as or received in evidence as an admission, concession or presumption against any of the Class Representatives or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendant have any merit.

        13.    Pursuant to Section 3.4 of the Stipulation, Defendant shall pay $450,000 plus any interest earned from the date the $1,800,000.00 was funded in an Escrow Account pursuant to the Stipulation to the date of payment (to be divided equally among the four organizations referenced in this paragraph) to each of the following: American Cancer Society; American Diabetes Association; American Dietetic Association; and American Heart Association.

1    14.    In accordance with Section 3.2(a) of the Stipulation, to the extent that any
2    Wendy's Fried Food item is prepared, whether at the par fry stage or finish fry stage, in
3    cooking oil containing trans fat, the cooking oil must contain a level of trans fat per
4    serving that, pursuant to the regulations then in force and promulgated by the United
5    States Food and Drug Administration, can be represented as 0 grams of trans fat.

6    15.    In accordance with Section 3.3 of the Stipulation, Defendant shall pay for
7    and subject its Fried Food to independent monitoring for one year to assure compliance
8    with section 12 of this Order and Final Judgment.

9    16.    Class Counsel are hereby awarded $1,090,000.00 (plus interest accrued) for
10   attorneys fees and reimbursement of their expenses, which the Court finds to have been
11   fair and reasonable and reasonably incurred.  The foregoing amount shall be paid to
12   Class Counsel from the Escrow Fund established in accordance with the Stipulation and
13   shall also include in addition to the amount referenced above the interest earned from the
14   date such Escrow Fund was funded to the date of payment.  The award of attorneys' fees
15   shall be allocated among any counsel who worked on behalf of plaintiffs in a fashion
16   which, in the opinion of Class Counsel, fairly compensates their respective contributions
17   in the prosecution of the Trans Fat Litigation. Any and all payments to any counsel who
18   worked for plaintiffs in this action shall come solely from the above-referenced award
19   made to Class Counsel such that it represents the maximum amount of Defendant's
20   liability for any counsel who performed work on behalf of the plaintiffs in this Trans Fat
21   Litigation.

22   17.    Class Representatives are hereby awarded the following amounts for their
23   time and costs incurred in serving as Class Representatives: Adam Jernow - $3500; Leah
24   McLawrence - $3500; Bohkyun Yoo - $1500; Catherine Fitch - $1500.  These awards
25   shall be paid by Defendant within 20 days of the Effective Date of the Settlement and
26   sent to addresses of the Class Representatives to be provided by Class Counsel to
27   Defendant's counsel.

28

1    18.    In making this award of attorneys' fees and reimbursement and award the
2  Court has considered and found that:

3    (a)    The lodestar expended to date in litigating this matter is no less than
4  $955,000.  The award of $1,090,000 represents a multiplier of 1.1, which is fair
5  and reasonable.

6    (b)    The value of the settlement is no less than $5,500,000.   Class counsel's
7  percentage of this amount is 19.8%, which is fair and reasonable;

8    (c)    Class Counsel has conducted the litigation and achieved the Settlement with
9  skill, perseverance and diligent advocacy;

10    (d)    The action involves complex factual and legal issues and was actively
11  prosecuted for approximately two years and, in the absence of a settlement, would
12  involve further lengthy proceedings with uncertain resolution of the complex
13  factual and legal issues;

14    (e)    Had Class Counsel not achieved the Settlement there would remain a
15  significant risk that the relief obtained via the Settlement would not have
16  occurred;

17    (f)    Class Counsel has devoted over 1600 hours, with a lodestar value of over
18  $955,000 to achieve the Settlement; and

19    (g)    The amount of attorneys' fees awarded and expenses reimbursed to be paid
20  by Defendant are fair and reasonable and consistent with awards in similar cases.

21    19.    The Class Representatives have actively participated in all aspects of the
22  litigation. As an incentive reward and compensation for their time and costs expended to
23  serve the Class and prosecute the litigation that has resulted in the Settlement, the Class
24  Representatives are awarded the following amounts to be paid by Defendant: Adam
25  Jernow - $3,500; Leah McLawrence - $3,500; Bokhyun Yoo - $1,500; Catherine Fitch -
26  $1,500.   The difference in awards is due to the fact that Mr. Jernow and Ms.
27  McLawrence expended more time and effort than Ms. Yoo and Ms. Fitch because they

28

1    sat for their depositions, whereas Ms. Yoo and Ms. Fitch did not because the case settled

2    before their depositions occurred.

3         20.    Exclusive jurisdiction is hereby retained over the parties and the Class

4    Members for all matters relating to this Trans Fat Litigation, including the

5    administration, interpretation, effectuation, enforcement and/or implementation of the

6    Stipulation and this Order and Final Judgment.

7         21.    This Judgment and all provisions thereof, and the Settlement, shall bind

8    each Class Member.

9         IT IS SO ORDERED.

10        Dated: March 13, 2009

                                           Hon. Florence-Marie Cooper
11                                         UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

## **EXHIBIT 1**

2

### **List of Class Members Who Have Opted Out**

3     Thomas Kron – Humble, Texas
      Robert Martinez – San Antonio, Texas
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE
### [CCP Sections 1013a, 2015.5]

Case Name: ***Bokhyum Yoo v. Wendy's International, Inc..***
Case No.: CV07-4515 FMC(JCx)

I, the undersigned, declare:

       I am employed in the County of San Francisco, State of California. I am over the age of eighteen, and not a party to this action. My business address is 101 Montgomery Street, 27th Floor, San Francisco, CA 94104.

On April 6, 2009, I caused to be served one true and correct copy of the document(s) described as: Notice of Appeal on all interested parties to this action, addressed below, by Certified Mail-RRR:

### NOTICE OF ACKNOWLEDGMENT OF RECEIPT

*Addressed to:*
Michael R. Reese
Reese Richman, LLP
875 6th Avenue, 18th Floor
New York, NY 10001

Thomas P. McLish
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire, N.W.
Washington, DC 20036

  XX   **BY MAIL,** Pursuant to Code of Civil Procedure, Section 1013(a), I placed a true and correct copy the above documents enclosed in a sealed envelope, addressed as set forth below, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Liuzzi, Murphy & Solomon, LLP. I am "readily familiar" with the practice of this firm for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited with the United States Postal Service that same day, to the addresses set forth below, in a sealed envelope, with postage fully prepaid, in the ordinary course of business. I am aware on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit. I deposited a sealed envelope(s) containing the above document(s) with postage thereon fully prepaid, in the United States mail at San Francisco, CA, to the addressed above:

  _____   **BY FACSIMILE** by causing said document to be transmitted by Facsimile machine to the number indicated after the address(es) set forth below:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on April 6, 2009.

                                       _____
                                       Frank Liuzzi